IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MTISHA JACKSON** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 3:14CV787-HTW-LRA**

**PUBLISHING CLEARING HOUSE** **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court for a hearing on October 28, 2014, on the Motion to Proceed *in Forma Pauperis* [2] filed on October 9, 2014, by Mtisha Jackson [hereinafter "Plaintiff"]. The Court also conducted the hearing to review Plaintiff's allegations under 28 U.S.C. § 1915(e)(2), to determine if her claims are frivolous or whether she has stated a claim upon which relief could be granted. Plaintiff filed this Complaint against Publishing Clearing House [hereinafter "Defendant"]. The Complaint asserts that Plaintiff is a resident of Jackson, Mississippi. No address is given for Defendant, and no basis for federal jurisdiction is set forth in the Complaint.

Plaintiff testified at the hearing that she has not been employed since 2010, when she worked as a dietary aide. Since that time, she has been disabled and has lived on Supplemental Security Income in the monthly amount of $721. She also receives about $41 per month in food stamps. She has two children, ages 2 and 5, who live part-time with her and part-time with her mother. She receives no alimony or child support. She owns a car but it is financed; she makes a monthly car payment. Her monthly living expenses are $835.

The undersigned finds that if only Plaintiff's income and expenses are reviewed, she may be entitled to proceed without the prepayment of fees. However, 28 U.S.C. §1915(a)(1) does not mandate that the Court grant *in forma pauperis* status, even if the financial indicators suggest it. Instead, the statute provides that the Court **may** grant permission to

proceed without the prepayment of fees, and the Court is granted wide discretion to make that decision.  *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1974).

Plaintiff's Complaint [1] is quoted verbatim in part as follows:

> ... I was doing jobs application on line and a PCH Publish Clearing Housing sweepstake entry arrive on my computer to put in my entry, with several awarded PCH giveaway prize numbers.  That I had confirmed with my name, email address, and my other information, like my telephone number, city, state, and home address.  The giveaway numbers was 3080, 1838, 3726, 3577, 1830, and 3814.  And in March of 2014 I played their lotto balls and my numbers were played.  I had spoken with one of their agent in they had said that it was going with the entry that's given out with the winning giveaway number sweepstake PCH giveaway number: 3080.  And several more lotto ball that were play from February 11, 2014 to August 28, 2014.

By Order [3] filed October 15, 2014,  Plaintiff was ordered to amend her Complaint on or before October  28, 2014, but she failed to do so.  Plaintiff had also filed a separate Complaint in Cause No. 3:14cv682-CWR-FKB, stating the following:

> ... I brought this matter to Federal Court because I had confirmed my entries with Publish Clearing Houses February in 2014 and in July they had sent me an email stating that I was officially awarded PCH giveaway number 3080 and in May I had played their lotto pch games and had seen that my numbers was played and was shown unclaimed.

Complaint [1], p. 1.

 By Order [6] entered by Judge Reeves on October 7, 2014, Plaintiff's claims were dismissed *sua sponte* as failing to state a claim.  There appear to be no substantive differences in the claims in these two cases.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33

(5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Neitzke*.

The Plaintiff is prosecuting this case *pro se.*  Therefore, her pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  This is why the undersigned conducted a hearing, and Plaintiff was given an opportunity to explain her claims orally and to supplement and augment the written allegations contained in her Complaint.  Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted.  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court in *Iqbal* established the following two-pronged approach when deciding whether a complaint contains sufficient factual allegations to state a claim upon which relief can be granted. First, it should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* U.S. at 679. Second, "[if] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. The "plausibility standard" of Rule 8 applies to all civil actions and must be met in order to survive a motion to dismiss. *Iqbal*, *id*.

The undersigned has reviewed Plaintiff's complaint under Rule 8, as augmented by her testimony at the hearing. Plaintiff testified that she won the Publishers Clearing House prize, 3080, but she was never paid. She has no written proof that she won the money; she has no evidence in writing of any kind that Defendant ever informed her that she had won. She referred in her testimony to emails, but she cannot provide the emails confirming that she won. She does not state how much she supposedly won. She has no written notification from Publishers Clearing House that she won any prize and could produce no contract of any kind. She did not state facts which would establish a contract capable of being enforced in a court of law. The Court finds that Plaintiff has plead no more than legal conclusions and has not stated facts which support a claim upon which relief can be granted. Her Complaint should be dismissed with prejudice for this reason.

Additionally, Plaintiff's Complaint should be dismissed due to the fact that she simply refiled her Complaint that was dismissed by Judge Reeves in 3:14cv682-CWR-FKB. Judge Reeves dismissed that Complaint on October 7, 2014, and Plaintiff refiled essentially the same Complaint, without adding any additional information, on October 9, 2014.

Plaintiff has also failed to establish that this Court has jurisdiction over her claims. She has not sued under a federal or constitutional statute and has not stated facts sufficient to establish diversity jurisdiction. Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582 -83 (1999). The Court must inquire into its subject-matter jurisdiction on its own initiative. *Id.* It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction, and her Complaint may also be dismissed without prejudice for this reason, rather than on its merits.

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted. Alternatively, the Complaint may be dismissed without prejudice for failure to establish the subject matter jurisdiction of this federal court. Plaintiff has filed the claims in two cases, one of which has already been dismissed by Judge Reeves in Cause No. 3:14cv682-CWR-FKB. She has been given an opportunity to file a written Amended Complaint and failed to do so. She was granted an in-person hearing so she could orally explain and augment her claims to the Court. Even after those opportunities, Plaintiff has failed to establish this Court's jurisdiction.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 7th day of November 2014.

                                                         s/ Linda R. Anderson
                                    UNITED STATES MAGISTRATE JUDGE